UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION
CAUSE NO. 2:21-CV-17

| | |
|---|---|
| Jacqueline Johnson and Dwayne Greenleaf, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| United States of America | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

The plaintiffs, Jacqueline Johnson and Dwayne Greenleaf, by counsel, for their complaint for damages against the defendant, United States of America, allege and state that:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671 to 2680, and this Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. The plaintiffs, Jacqueline Johnson and Dwayne Greenleaf are the parents of their deceased minor daughter, N.M.G.

3. The plaintiffs, Jacqueline Johnson and Dwayne Greenleaf, reside in Mesquite, Dallas County, Texas, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b).

4. On June 27, 2017, the plaintiff, Jacqueline Johnson and her unborn daughter, N.M.G., presented to Methodist Southlake Hospital in Merrillville, Indiana where they were placed under the care and treatment of Queen Marsh, M.D. and Northshore Health Centers, Inc.

5. On June 27, 2017, Northshore Health Centers, Inc. was deemed an entity as an employee of the Public Health Service Act pursuant to the Federally Supported Health Assistance Act, 42 U.S.C. §233(g)-(n), effectively an agency of U.S. Department of Health and Human Services and Queen Marsh, M.D. was acting within the scope of her employment as a Public Health Service employee of Northshore Health Centers, Inc.

6. On June 27, 2017, the medical care and treatment that Jacqueline Johnson and her unborn daughter received from Northshore Health Centers, Inc. and Queen Marsh, M.D. was substandard.

7. On June 27, 2017, at approximately 0614, Jacqueline Johnson presented to Methodist Southlake Hospital in Merrillville, Indiana. At that time, Jacqueline Johnson was 36 weeks 4 days pregnant and she was experiencing abdominal pain and irregular contractions. Dr. Marsh was contacted and asked to come to the hospital to evaluate Ms. Johnson, but she did not. At approximately 1231-1235, Ms. Johnson's uterus ruptured, but Dr. Marsh had still not arrived to the hospital. Because Dr. Marsh was not present at the hospital, there was an unreasonable delay in diagnosing Ms. Johnson's uterine rupture and delivering Ms. Johnson's baby. Ms. Johnson's baby, N.M.G., was not delivered until 1346.

8. As a direct and proximate result of the defendant's substandard care, N.M.G. died on July 2, 2017.

9. As a direct and proximate result of the defendant's negligence, the plaintiffs, Jacqueline Johnson and Dwayne Greenleaf, have suffered the loss of their daughter's love and affection. They have also incurred medical, funeral, and burial expenses.

10. The plaintiffs, Jacqueline Johnson and Dwayne Greenleaf, made their claim in writing to the Department of Health & Human Services on or about February 15, 2019. A copy

of the plaintiffs' claim is attached as Exhibit A. On or about July 22, 2020, the plaintiffs received notice that the Department of Health & Human Services denied the plaintiffs' claim.

WHEREFORE, the plaintiffs Jacqueline Johnson and Dwayne Greenleaf, respectfully request a judgment in an amount which will fully and fairly compensate them for their injuries and damages, for the costs of this action, and for all other just and proper relief.

Respectfully submitted,

GARAU GERMANO, P.C.

/s/Barbara J. Germano
Barbara J. Germano, 14424-49
3710 Washington Boulevard
Indianapolis, IN  46205
Telephone: (317) 822-9530
Fax: (317) 822-9531