UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JACQUELINE JOHNSON & DUANE GREENLEAF, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:21-cv-00017 |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR ALTERNATIVELY SUMMARY JUDGMENT

Defendant, United States of America, by its attorneys, Gary T. Bell, Acting United States Attorney for the Northern District of Indiana, through Sharon Jefferson and Kathleen Trzyna, Assistant United States Attorneys, files its Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint or, alternatively, for Summary Judgment, as follows:

### INTRODUCTION

Plaintiffs, Jacqueline Johnson and Duane Greenleaf, ("Plaintiffs" or "Claimants"), bring this lawsuit pursuant to the Federal Torts Claim Act, ("FTCA"), 28 U.S.C. §2671 *et. seq*.  Plaintiffs allege a medical malpractice action resulting in the wrongful death of their unborn daughter N.M.G., arising out of the treatment Plaintiff Jacqueline Johnson received from Northshore Health Centers, Inc. and its employee, Dr. Queen Marsh, (collectively "USA" or "health center"). Plaintiffs are

1

seeking damages in the amount of $1,250,000 for these events.

Defendant, United States of America, contends that Plaintiffs' lawsuit must be dismissed for failure to state a claim for relief. Plaintiffs failed to timely exhaust their administrative remedies. Specifically, Plaintiffs failed to file their suit in district court "within six months" of the agency's denial, as required by the Federal Torts Claim Act.

**STATEMENT OF MATERIAL FACTS and PLAINTIFFS' ALLEGATIONS**

*Plaintiffs' allegations of Medical Malpractice and*
*Plaintiffs' Underlying Administrative Claim Process*

1. Plaintiffs allege that on June 27, 2017, Plaintiff Jacqueline Johnson received substandard care from the USA that resulted in the wrongful death of their unborn daughter, N.M.G. (Complaint at ¶¶6-8).[1]

2. On February 25, 2019, the U.S. Department of Health and Human Services ("HHS") received an administrative tort claim from claimants Jacqueline Johnson and Duane Greenleaf (Claim No. 2019-0272) relating to NorthShore Health Centers, Inc. and Dr. Queen Marsh. (Group Exhibit A, Declaration of Meredith Torres, ¶6; Group Exhibit A, Ex. A-1, SF-95 Administrative Claim Form; Complaint, Exhibit A)   The administrative tort claim was presented by claimants and their attorney.   (Exhibit A-1, SF-95 Administrative Claim Form-box 2, and Complaint, Exhibit A- box 2)

3. HHS investigated Plaintiffs' administrative claim. HHS determined that the

---

[1] Defendant disputes that the United States failed to properly treat Plaintiff, Jacqueline Johnson and her unborn daughter.

2

evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of their employment. (Group Exhibit A, Exhibit A-2, Denial Letter) HHS denied the administrative tort claim on July 13, 2020. (Exhibit A-2, Denial Letter; and Exhibit A at ¶6)

4. A denial letter dated July 13, 2020 was sent to Plaintiffs' counsel. *Id.* The denial letter stated that if the claimants were dissatisfied with the denial, the claimants may file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination, or make a request for the agency to reconsider its decision.[2] (Exhibit A, Declaration of Meredith Torres, ¶6; Exhibit A-2, Denial Letter, at p. 2) The July 13, 2020 letter was signed at 10:11 a.m. and sent via certified mail. *Id.* It is the practice of the Claims Branch to place in the U.S. Mail administrative claim decision letters on the date indicated in the letter. (Exhibit A, Declaration of Meredith Torres, ¶6) Plaintiffs received this denial letter on July 22, 2020. (Exhibit A-2, Denial Letter, at p. 3; Complaint at ¶10)

5. Plaintiffs initiated this lawsuit on January 15, 2021, six months and two days after the date of the denial letter. (Complaint; Exhibit A-2, Denial Letter) Plaintiffs failed to include the date of the denial letter in their Complaint. (Complaint)

---

[2] There is no record of Plaintiffs/Claimants making a request for reconsideration. (Exhibit A, Declaration of Meredith Torres, ¶6)

**ARGUMENT**

Applicable Standards

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for "failure to state a claim upon which relief can be granted[.]" In ruling on a Rule 12(b)(6) motion, the Court accepts as true all "well-pleaded, nonconclusory factual allegation[s]." *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). However, the Court need not accept the complaint's legal conclusions. *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678; see also *Twombly,* 550 U.S. at 555 ("labels and conclusions" without supporting facts are not enough). Thus, "a formulaic recitation of the elements of a cause of action will not do." *Ibid*. Similarly, the Court is free to disregard factual allegations in the complaint that are contradicted by documents that are either attached to the complaint, or referenced in the complaint and attached to a defendant's motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Courts may consider documents attached to, or incorporated into, the complaint when deciding a motion to dismiss without converting the motion into one for summary judgment. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

4

to a judgment as a matter of law." Fed. R Civ. P. 56(c). If the moving party makes such a showing and the non-movant would bear the burden of proof on an issue which forms the basis of the motion, then the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

Federal Tort Claims Act (FTCA)

Sovereign immunity is a threshold defense that should be considered when reviewing any complaint. Waivers of sovereign immunity "cannot be applied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969); *United States v. Nordic Village, Inc.*, 503 U.S. 33 (1992). 1981) *cert denied*, 454 U.S. 1083 (1981).

The exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and/or its employees acting within the scope of their employment, is the Federal Tort Claims Act (FTCA), which is codified at 28 U.S.C. § 2671 *et. seq. Feres v. United States*, 340 U.S. 135, 140 (1950). Since the FTCA provides the exclusive waiver of the United States' sovereign immunity, strict compliance with the provisions of the act are required. *Frey v. E.P.A.*, 270 F.3d 1129, 1135 (7th Cir. 2001). The Seventh Circuit does not treat compliance with the FTCA's exhaustion requirement as a jurisdictional prerequisite, but instead as a "condition precedent to the plaintiff's ability to prevail." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786–87 (7th Cir. 2014) (internal quotation marks and citation omitted); *Krause v. United States*, No. 2:16-CV-209-TLS, 2017 WL 1059061, at *3 (N.D. Ind. Mar. 21, 2017).

5

The FTCA provides that a tort claim against the United States "shall be forever barred" unless the claimant meets two deadlines. First, a claim must be presented to the appropriate federal agency for administrative review "within two years after [the] claim accrues." 28 U.S.C. § 2401(b). Second, if the agency denies the claim, the claimant may file suit in federal court "within six months" of the agency's denial. *Ibid. United States v. Kwai Fun Wong*, 575 U.S. 402, 402, 135 S. Ct. 1625, 1627, 191 L. Ed. 2d 533 (2015). Specifically, the FTCA states:

> …the a tort claim against the United States shall be forever barred… unless action is begun **within six months after the date of mailing**, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b). *Heifner v. United States*, No. 1:19-CV-21, 2020 WL 4059186, at *6 (N.D. Ind. July 20, 2020) (emphasis added).

### *Plaintiffs' district court lawsuit was untimely*

As a limited waiver of the United States' sovereign immunity, actions brought under the FTCA must be pursued in compliance with the procedures set forth in that Act or not at all. *See McNeil v. United States*, 508 U.S. 106, 112 (1993). Thus, to comply with the FTCA's statute of limitations, a plaintiff must file an administrative claim within two years after the date his claim accrues and file an action within six months of the date the agency mails its denial of the administrative claim. 28 U.S.C. §2401(b); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003), *citing* 28 U.S.C. § 2675(a). There is no dispute that the Plaintiffs' administrative claim was timely. However, Plaintiffs' district court lawsuit was not filed within six months of the date of the mailing of the denial letter, as required.

This statute of limitations is a condition of the FTCA's waiver of sovereign immunity, and courts are directed to not extend the waiver beyond that which Congress intended. *United States v. Kubrick*, 444 U.S. 111, 117-118 (1979).

"[A] plaintiff must file a legal action, if at all, no more than six months after the federal agency mails its notice of final denial of the claim." *Miller v. United States*, 741 F.2d 148, 150 (7th Cir. 1984). Here, the denial letter was dated July 13, 2020 and mailed on this date. Plaintiffs' district court lawsuit was not filed until Friday, January 15, 2021, two days after the statute of limitations had expired, requiring dismissal.

Though Plaintiff's lawsuit was only two days after the expiration of the statute of limitations, the FTCA requires strict compliance. In a similar case, the Seventh Circuit affirmed the grant of a motion to dismiss or alternatively for summary judgment where the district court determined that plaintiff filed her FTCA lawsuit five days after the statute of limitations had expired. *Ransom v. United States*, 668 Fed. Appx. 169, 171 (7th Cir. 2016) (unpublished); *see also Randolph v. United States*, No. 08-CV-450, 2010 WL 1416127, *2-3 (S.D. Ill. April 2, 2010) (finding that plaintiff's claim was forever barred after filing a claim on June 23, three days after the June 20 deadline); *Seal v. U.S.*, No. 1:13-cv-01182, 2014 WL 2892382 (S.D. Ind. 2014) (plaintiff failed to file suit in the district court within six months following the mailing of the final notice of the agency's action on her claim). Courts in other jurisdictions have expressly held that even missing the statutory six-month deadline by one day requires dismissal. *Gibbs v. U.S.*, 34 F. Supp. 2d 405, 406 (S.D. W. Va. 1999) (one day

7

late); *Chandler v. U.S.*, 846 F. Supp. 51, 53-54 (D. Ala. 1994) (one day late).

Plaintiffs' FTCA claim is forever barred under section 2401(b) because this lawsuit was not filed within six months of the July 13, 2020 date on which HHS mailed its denial of the administrative claim. *See Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) ("The plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations start to run the moment the government *mails* the notice of an FTCA claim denial."); *Jackson v. U.S.*, 751 F.3d 712, 717 (6th Cir. 2014) ("A claimant may no longer sue the United States six months after the time that an agency mails a denial letter.") (citations omitted); *Smart v. United States*, No. EP–14–CV–00208–KC, 2015 WL 222343, *5 (W.D. Tex. Jan. 14, 2015) (finding that the date of the denial letter was enough to establish the date of mailing, even though the plaintiff did not timely receive the mailed letter).

### ***Plaintiffs' Complaint does not allege any facts to support equitable estoppel***

Equitable tolling is reserved for rare instances in which a plaintiff was "prevented in some extraordinary way from filing his complaint in time." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir.2001) (citation and quotation omitted). Generally, the plaintiff bears the burden to establish that (1) she "diligently" pursued her claim; and (2) "some extraordinary circumstances" prevented her from timely filing her complaint. (*internal citations omitted*). *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016).

The Seventh Circuit has clarified that when a defendant is alleged to have taken "improper steps to delay the filing of the suit beyond the statutory period" then

8

the issue "would be in the domain not of equitable tolling but equitable estoppel...." *Woodson, et al. v. United States of America, et al.*, No. 2:17-CV-407-TLS, 2019 WL 4246763, at *8 (N.D. Ind. Sept. 5, 2019), *citing Arteaga v. United States of America*, 711 F.3d at 828, 833 (7th Cir. 2013).   There are no "extraordinary circumstances" to support equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court should grant the Defendant's motion to dismiss for failure to state a claim on which relief can be granted or, alternatively, for summary judgment, and dismiss plaintiffs' claims against defendant United States of America with prejudice.

Respectfully submitted,

GARY T. BELL
ACTING UNITED STATES ATTORNEY

By:    /s/ *Sharon Jefferson*
Sharon Jefferson
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Tel :   (219) 937-5500
Fax:   (219) 852-2770
Email: Sharon.Jefferson2@usdoj.gov

s/ *Kathleen Trzyna*
KATHLEEN TRZYNA
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500

        Hammond, IN 46320  
        Tel: (219) 937-5515  
        Fax: (219) 937-5550  
        Email:   <u>kathleen.trzyna@usdoj.gov</u>